We have before us a personal injury lawsuit where: (1) the negligence of the defendant is undisputed; (2) there is no evidence that the claimed medical expenses of the plaintiff were unrelated to the aforementioned negligence; (3) the top settlement offer on behalf of the defendant was thirty-five percent of the medical expenses; and (4) the jury verdict was more than seven times the best settlement offer. While I do not embrace the philosophy feared by my colleagues in the majority, that is, to replace the trial court's judgment in every case where pre-judgment interest is rejected, I submit that adopting a philosophy whereby the trial court's judgment is never rejected is equally repugnant.
I would hold that the factors set out above are indicative of a bad-faith settlement posture by the defendant. Accordingly, I would reverse the trial court. If we do not do so under the facts in existence here, then our pre-judgment interest statutes are no more than precatory language subject to the arbitrary whims of the trial court.